1  KENNETH B. WILSON, State Bar No. 130009
   STEFANI E. SHANBERG, State Bar No. 206717
2  ESHA BANDYOPADHYAY, State Bar No. 212249
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone:  (650) 493-9300
5  Facsimile:   (650) 565-5100

6  Attorneys for Plaintiff
   Sagent Technology, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAGENT TECHNOLOGY, INC., | CASE NO.: |
| Plaintiff, | COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, NEGLIGENT MISREPRESENTATION, BREACH OF WARRANTY, AND UNFAIR AND DECEPTIVE BUSINESS PRACTICES (Under N.C.G.S. § 75-1 et seq.) |
| v. | |
| INTERPATH COMMUNICATIONS, INC., | |
| Defendant. | |
| | DEMAND FOR JURY TRIAL |

Plaintiff Sagent Technology, Inc. ("Plaintiff" or "Sagent") hereby alleges for its Complaint against Defendant Interpath Communications, Inc. ("Defendant" or "Interpath") on personal knowledge as to its own acts and on information and belief as to the actions of others, as follows:

**The Parties**

1. Sagent is a Delaware corporation with its principal place of business in Mountain View, California.

2. Interpath is a Delaware corporation with its principal place of business in Morrisville, North Carolina.

COMPLAINT                                                                C:\NrPortbl\PALIB1\FB1\1325934_1.DOC

## Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000 and it is between citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this is a judicial district in which a substantial part of the events giving rise to the claims occurred and Interpath is subject to personal jurisdiction within it.

## Intra District Assignment

5. This action is properly filed in the San Jose Division of the U.S. District Court for the Northern District of California pursuant to Local Civil L.R. 3-2(c) because a substantial part of the events and injury giving rise to the claims set forth in this Complaint occurred in Santa Clara County.

### Background Facts

6. Sagent provides realtime e-business intelligence solutions to help organizations maximize revenue, reduce costs, and streamline business processes. Sagent is a leading provider of products, services, and value-added content that help businesses collect, analyze, understand, and act on customer and operational information in real-time. Sagent's technology powers more than 1,200 customer-driven organizations around the world and across such diverse industries as e-commerce, financial services, insurance, healthcare and telecommunications.

7. On December 30, 1999, Interpath presented Sagent with a detailed proposal and Offer for Products and Services ("OPS"). More specifically, Interpath offered to provide Sagent certain services and products including, among other things, the software program Human Resource Virtual Private Application ("HR VPA"), facilities, bandwidth, managed services, professional services, equipment, and 24x7 monitoring and support (hereinafter referred to as "Interpath Products").

8. In its proposal, Interpath made several representations regarding the functionality of the Interpath Products. Interpath specifically stated that HR VPA would deliver several Core Reporting Functions and Core Processing Functions including, among other things: Position

Requisition Tracking, Applicant Tracking, Offer Letter Generation, Integration New Hire Process, Interface to the Existing ADP Payroll, Organization Chart Creation with Open Requisitions, Training Tracking, Salary Planning, Manager's Desktop, and Employee Self-Service Viewing and Updating.  In addition, Interpath represented that it would facilitate Sagent's use of an ADP interface, and provide around-the-clock Technical Support.

9. On December 31, 1999, Sagent and Interpath entered into an Enterprise VPA Service Agreement ("Agreement") incorporating the December 30, 1999 OPS.  In that Agreement, Interpath agreed to provide the Interpath Products to Sagent.  In exchange, Sagent agreed to provide Interpath with a large up-front cash payment totaling $1 million.

10. The Interpath Products have never functioned as Interpath represented they would.  Indeed, Interpath has failed to meet its obligations under the Agreement in several ways.  For various reasons, Sagent is unable to use any of the above-stated Core Processing Functions it was promised by Interpath in the OPS.  Interpath has not facilitated Sagent's use of an ADP interface, and the Core Reporting Functions are difficult to use and often provide unreliable information.  Moreover, Interpath's Technical Support has been disorganized and ineffective, resulting in excessive periods of downtime for Sagent and its employees.

## FIRST CAUSE OF ACTION

(Breach of Contract)

11. Sagent repeats and re-alleges the allegations of paragraphs 1 through 10 of the Complaint, as if fully set forth herein.

12. Sagent performed all conditions, covenants, and promises required to be performed by Sagent in accordance with the terms of the Agreement, except those which Sagent was prevented or legally excused from performing.

13. Interpath has breached its obligations under the Agreement by, among other things, failing to provide several of the Core Processing and Reporting Functions promised in the Agreement, by failing to facilitate Sagent's use of an ADP interface, and by failing to provide required Technical Support.

14. Interpath's breach of the Agreement is sufficient grounds for rescission of the Agreement.

15. As a direct and foreseeable result of Interpath's breach of the Agreement, Sagent has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

16. Sagent repeats and re-alleges the allegations of paragraphs 1 through 15 of the Complaint, as if fully set forth herein.

17. The Agreement between Sagent and Interpath contained an implied covenant of good faith and fair dealing, providing that neither party would act to deprive the other of the benefits of the Agreement between them.

18. Interpath breached the implied covenant in a variety of ways as exemplified by, but not limited to, Interpath's failure to provide several of the Core Processing and Reporting Functions promised in the Agreement, failure to facilitate Sagent's use of an ADP interface, and failure to provide sufficient Technical Support.

19. As a result of Interpath's breach of the implied covenant of good faith and fair dealing, Sagent has been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

(Fraud)

20. Sagent repeats and re-alleges the allegations of paragraphs 1 through 19 of the Complaint, as if fully set forth herein.

21. On December 30, 1999, Interpath provided Sagent with a written OPS in which it represented the functionality and suitability of the Interpath Products.

22. Interpath's representations about the Interpath Products were false when they were made.

23. When Interpath made its misrepresentations concerning the Interpath Products, Interpath knew that they could not perform as promised.

24. Interpath made the misrepresentations without the intention of fulfilling its promises, and in an effort to induce Sagent to contract with Interpath. But for Interpath's misrepresentations, Sagent would not have contracted with Interpath.

25. Sagent detrimentally relied on Interpath's representations about the Interpath Products in the OPS and in the Agreement.

26. Sagent's reliance was reasonable. Sagent had no reason to expect that Interpath would make false representations as to the functionality of the Interpath Products.

27. As a result of Interpath's false representations of material fact and false promises, Sagent has been damaged in an amount to be proven at trial.

28. Interpath's conduct was undertaken with malice, oppression, and fraud justifying the imposition of punitive damages on Interpath in an amount sufficient to punish Interpath and deter Interpath and others from engaging in similar behavior in the future.

## **FOURTH CAUSE OF ACTION**

(Negligent Misrepresentation)

29. Sagent repeats and re-alleges the allegations of paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30. Interpath's misrepresentations regarding the Interpath Products were made without due care for their accuracy.

31. But for Interpath's misrepresentations, Sagent would not have contracted with Interpath.

32. As a result of Interpath's misrepresentations of material fact, Sagent has suffered substantial damage in an amount to be proven at trial.

33. Interpath's conduct was undertaken with malice, oppression, and fraud justifying the imposition of punitive damages on Interpath in an amount sufficient to punish Interpath and deter Interpath and others from engaging in similar behavior in the future.

## FIFTH CAUSE OF ACTION

(Breach of Express Warranty)

34. Sagent repeats and re-alleges the allegations of paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

35. In its OPS, Interpath explicitly stated that HR VPA would deliver several Core Reporting Functions and Core Processing Functions including, among other things, Position Requisition Tracking, Applicant Tracking, Offer Letter Generation, Integration New Hire Process, Interface to the Existing ADP Payroll, Organization Chart Creation with Open Requisitions, Training Tracking, Salary Planning, Manager's Desktop, and Employee Self-Service Viewing and Updating. In addition, Interpath represented that it would facilitate Sagent's use of an ADP interface, and provide around-the-clock Technical Support.

36. Interpath breached such express warranties in that the Interpath Products have never functioned as Interpath represented they would. For various reasons, Sagent is unable to use any of the above-stated Core Processing Functions it was promised by Interpath in the OPS. Interpath has not facilitated Sagent's use of an ADP interface and the Core Reporting Functions are difficult to use and often provide unreliable information. Moreover, Interpath's Technical Support has been disorganized and ineffective, resulting in excessive periods of downtime for Sagent and its employees.

37. Interpath has been aware of Sagent's dissatisfaction with the Interpath Products since shortly after the signing of the Agreement on December 31, 1999. Interpath has been repeatedly notified, both orally and in writing. However, Interpath has failed to cure the defects or to make any attempts to cure them within a reasonable time.

38. As a result of Interpath's breaches, Sagent has been damaged in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

(Unfair and Deceptive Business Practices Under N.C.G.S. § 75-1 et seq.)

39. Sagent repeats and re-alleges the allegations of paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

40. Interpath engaged in unfair and deceptive practices by inducing Sagent to enter into a contract by making material misrepresentations as to its products and services.

41. Interpath's false and misleading factual assertions about its services and support are likely to affect commerce and mislead the public about the capabilities of Interpath's software and support system.

42. By publishing these statements and by virtue of the ongoing acts described above, Interpath has engaged and continues to engage in unfair and deceptive business practices in violation of North Carolina General Statute § 75-1 et seq.

43. Interpath has intended to and has deceived the public through its unlawful conduct, and has been unjustly enriched as a result. As a direct result of these practices and acts, Sagent has been injured in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Sagent requests that the Court enter judgment in its favor and against Interpath on its Complaint as follows:

1. Authorizing rescission of the Enterprise VPA Service Agreement and ordering Defendant to make restitution to Plaintiff for the unjust enrichment it enjoyed by virtue of its breach of contract and unfair business practices;

2. Awarding Plaintiff compensatory damages in an amount to be proven at trial;

3. Awarding Plaintiff punitive damages in an amount sufficient to punish and deter this Defendant and others from similar malicious, oppressive and fraudulent conduct in the future;

4. Awarding Plaintiff treble damages arising from Defendant's unfair and deceptive business practices;

5. Awarding Plaintiff its costs in this action, together with reasonable attorney's fees; and

6. Granting such other and further relief as this Court may deem just and proper.


| | |
|---|---|
| Dated: May ___, 2001 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By: _____<br>       Kenneth B. Wilson<br><br>Attorneys for Plaintiff<br>SAGENT TECHNOLOGY, INC. |

1 <u>DEMAND FOR JURY TRIAL</u>

2    Plaintiff Sagent hereby demands a trial by a jury of this action.

3

4 Dated: May ___, 2001            WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

5

6

7 By: _____
       Kenneth B. Wilson

8 Attorneys for Plaintiff
SAGENT TECHNOLOGY, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28